# Kæstner, Appellant, *v.* Ehinger.

*Judgments—Opening judgment—Evidence—Judicial discretion —Abuse.*

Upon a rule to open a judgment entered upon a judgment note, the petition averred that defendant maker had made a parol agreement with payee, his uncle, to the effect that if defendant would buy a certain house and allow payee to live with him, payee would advance defendant $3,000.00 to assist in the purchase of the house, and would leave his property to defendant; that the money was advanced, the house acquired, and that a written agreement was entered into by the terms of which defendant agreed to furnish a comfortable home to payee during his life, and provide him a decent burial and that the note was given merely as collateral security for the performance of the contract. The agreement did not contain any provision that the $3,000.00 was not to be repaid nor did it contain any agreement by payee to remain in the home of defendant during his life. An answer was filed, denying all the material allegations of the petition, and denying that there was ever any agreement that the judgment note should be given merely as security, but that it was what it purported to be on its face. The answer further averred that defendant had driven payee from his home, and refused to permit him to live with him longer. The averments of the petition were supported only by the testimony of one competent witness, whose testimony was vague and uncertain and did not contain any statement indicating that a gift of the money had been made from the payee to defendant. *Held,* on these facts it was an abuse of discretion for the court to open the judgment.

Argued March 27, 1913. Appeal, No. 70, Jan. T., 1913, by plaintiffs, from order of C. P. No. 4, Philadelphia Co., June T., 1910, No. 1829, making absolute defendant's rule to open judgment and let the defendant into a defense in case of Harry S. Kaestner, Executor of the Will of Christian Dietrich, deceased, and Marie Baumann, Residuary Legatee under the Will of Christian Dietrich, deceased, v. Herman Ehinger. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Rule to open judgment and let the defendant into a defense.

The opinion of the Supreme Court states the case.

The court made the rule absolute.

*Error assigned* was the order of the court.

*Paul C. Hamlin,* with him *Leroy N. King* and *Edward S. Smith,* for appellants.

*Frederick H. Warner,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 5, 1913:

Judgment was entered against the defendant, Herman Ehinger, by virtue of a warrant of attorney contained in a judgment note under seal; the court below opened the judgment and the plaintiffs, the executor of the deceased payee and the residuary legatee under his will, have appealed.

The note was executed June 21, 1910; the judgment was entered June 22, 1910; Christian Dietrich, the payee, died October 19, 1911; the rule to open the judgment was entered November 22, 1912, and made absolute January 29, 1913. The petition in support of the rule avers that Christian Dietrich, the uncle of the defendant, who was well advanced in years, had suggested that if Ehinger would buy a certain house so that he, Diet-

rich, could live with him, that he would agree to leave his property to the defendant and to advance him $3,000 to assist in the purchase of the desired house; that Dietrich advanced the $3,000 in question, and in order to give him "some assurance for his protection" both the parties on February 1, 1910, executed a written agreement concerning the transaction; that the house was acquired and Dietrich lived therein from November 10, 1909, until some time in the fall of the following year, when he left the house of the defendant and lived with other relatives until the time of his death; that when the judgment note was given "it was distinctly understood and agreed that it was only to be held as additional evidence of the said advance of $3,000 and as a further assurance that your deponent would perform his part of the contract." A copy of the contract of February 1, 1910, was attached to the petition; it recites the payment of the $3,000, and therein the defendant agrees that he will furnish a comfortable home to Dietrich for the term of his "natural life and after his death provide a decent burial"; and Dietrich agrees to "behave and demean himself in a careful and sensible manner during the said period of time." Answers were filed by each of the appellants in which they denied all the material allegations of the defendant's petition and averred, inter alia, "that at the time the judgment note was given there was no agreement whatever except that the judgment note should be given as security for the repayment of the loan of $3,000; and that the judgment is exactly what on its face it purports to be"; further, that Dietrich subsequently rescinded the writing of February 1, 1910, and demanded the judgment note; that after the note was given Dietrich paid board to the defendant during the remainder of his stay at the latter's home; and that Dietrich left the residence of the defendant because Ehinger violently attacked him and ordered him from the house.

The only competent witness produced in support of

the defendant's petition to open the judgment was the real estate man who had charge of the purchase of the property in which the $3,000 was used. The testimony of this witness was vague and uncertain, and nowhere therein do we find any definite statement to the effect that Dietrich made a gift of the money to the defendant or of facts upon which such a finding could be predicated; he did testify, however, that Dietrich "never said anything about a loan; he simply asked me what he should do in case things did not turn out the way he expected them to that he could claim the $3,000 in case he wanted them. I told him the best thing to do was to take a note and I drew up the judgment note and put it on record myself." This man also drew up the agreement of February 1, 1910, and while he says that at that time he "understood it was no loan but money given to Mr. Ehinger," he fails to state the facts upon which he based his understanding. The writing itself does not state that the money was not to be repaid to Dietrich, nor does it contain any agreement on the part of the latter to remain in the home of Ehinger during the balance of his (Dietrich's) life, and the answers show that the defendant did not perform the obligations which he therein assumed; under these circumstances and upon the only competent evidence produced, we cannot but conclude that the learned court below abused its discretion when it opened the judgment.

The assignment of error is sustained, the order is reversed, and the judgment is reinstated in full force and effect; the appellee to pay the costs.